UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-293-H

SULEIMAN IDOOR                                                                      PLAINTIFF

V.

JCIM U.S., LLC                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Suleiman Idoor ("Idoor"), is a Muslim and an ethnic African Somali-Bantu refugee. He was employed with Defendant JCIM U.S., LLC ("JCIM") for almost four years until his termination. According to Defendant, Plaintiff was terminated because of repeated absences, including an absence from work on September 20, 2009. He was scheduled to work overtime on that date, which was also a Muslim holy day, Eid-Al-Fitr. He allegedly informed JCIM of his inability to work on that date because of his observance of Eid-Al-Fitr. Plaintiff alleges that these circumstances amount to discrimination on the basis of his native language and country of origin and the failure to accommodate his religious beliefs. Defendant removed to federal court and now moves to dismiss both claims.

I.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). All factual allegations in the complaint should be assumed to be true

and "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554. "We need not, however, accept as true legal conclusions or unwarranted factual inferences." *Campbell v. PMI Food Equip. Group, Inc.,* 509 F.3d 776 (6th Cir. 2007).

II.

Plaintiff's national origin discrimination claim arises from the fact that Defendant's communications to Plaintiff were in English only, and Plaintiff apparently lacked proficiency in English. The complaint states that "defendant never communicated its policies to Plaintiff in his native language, or in any language besides English," Verified Compl. ¶17, "Defendant had actual or constructive knowledge that Plaintiff is not a proficient English speaker," Verified Compl. ¶16, and "[b]ecause of his native language and national origin, Plaintiff was treated differently by Defendant with regard to communication of the employer's policies and other terms and conditions of employment." Verified Comp. ¶ 19.

Absent direct evidence of national origin discrimination, Plaintiff must rely on the McDonnell Douglas test to prove his prima facie case. That test has four components that the plaintiff must prove: "(1) he is a member of a protected group; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) that adverse employment action occurred under circumstances giving rise to an inference of discrimination." *See Rodrguez v. FedEx Freight East, Inc.,* 487 F.3d 1001, 1008-1009 (6th Cir. 2007). Plaintiff clearly meets the first three factors. However, establishing the last factor stands upon questionable legal and factual grounds.

First, Plaintiff does not identify a specific policy from which one might infer national origin discrimination. Furthermore, in an employment circumstance, neither the Sixth Circuit

2

nor Kentucky courts have said that national origin discrimination may be inferred from the mere use of the English language as a means of communication. The Court agrees with that view. It is certainly possible that either Plaintiff or Defendant miscommunicated or misunderstood each other due to language difficulties, but that does not suggest national origin discrimination.

Even if Plaintiff did establish a prima facie case, his claim still fails. Defendant has stated a valid reason for terminating Plaintiff, mainly his failure to appear for work numerous times including on September 20, 2009. (Def.'s Reply to Pl.'s Mot. to Dismiss Compl. 3 and Pl.'s Resp. to Mot. to Dismiss Compl. 1.) This fact is uncontested and is sufficient to warrant dismissal. Plaintiff provides nothing to suggest that this reason was a pretext for national origin discrimination. Nothing in the allegations of the complaint suggests that Plaintiff's failure to appear at work when scheduled could have been avoided, except by requiring Defendant to communicate in its employee's native language. In the absence of such a legal requirement, Plaintiff cannot establish a prima facie case of national origin discrimination.

III.

Plaintiff's alternative theory, that Defendant failed to reasonably accommodate his religious beliefs, presents an entirely different analysis. Defendant argues that Plaintiff's religious discrimination claims are based upon conclusory allegations only. The Court disagrees. The complaint articulates facts which may impose legal duties upon Defendant to reasonably accommodate Plaintiff's religious beliefs. To prove a prima facie case of religious discrimination, the plaintiff must prove "(1) he has a bona fide belief that compliance with an employment requirement is contrary to his religious faith; (2) he informed his employer about the conflict; and (3) he was discharged because of his refusal to comply with the employment

requirement." *Ky. Comm'n on Human Rights v. Lesco Mfg. & Design Co.*, 736 S.W.2d 361 (Ky. App. 1987).

Plaintiff's complaint clearly alleges factors (1) and (2) and, based upon the timing of Idoor's absence from work and his date of termination, it could be reasonably inferred that his discharge was related to his refusal to work on a Muslim holy day. Without having the benefit of any discovery whatsoever, it is much too early to determine why Defendant terminated Plaintiff and why his religious beliefs could not be reasonably accommodated.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED IN PART and Plaintiff's national origin discrimination claim is DISMISSED WITH PREJUDICE. Plaintiff's religious discrimination claim remains.

cc: Counsel of Record